# In the United States Court of Federal Claims

| | |
|---|---|
| RAHMAN KAMAL ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 25-cv-1166<br><br>Filed: November 12, 2025 |

## MEMORANDUM AND ORDER

Plaintiff Rahman Kamal Rogers, proceeding *pro se*, seeks to challenge the garnishment of his wages to enforce a child support order. As this Court lacks jurisdiction over Plaintiff's claims, the Court must **DISMISS** Plaintiff's Complaint. *See* Rules 12(b)(1), 12(h)(3) of the Rules of the Court of Federal Claims (Rule(s)).

## BACKGROUND

On July 11, 2025, Plaintiff filed his Complaint against the Department of Health and Human Services (HHS), the Secretary of HHS (Secretary), J.E. Dunn Construction Company (J.E. Dunn), and the Arizona Department of Economic Security, Division of Child Support Services (DES/DCSS). ECF No. 1 (Complaint or Compl.). Plaintiff alleges that J.E. Dunn, "by and through" HHS and the Secretary and "in coordination with" DES/DCSS, unlawfully garnished his wages by deducting $715 per pay period from his paycheck to enforce a child support order. *Id.* at 1, ¶ 17. Specifically, Plaintiff contends the garnishment of his wages (i) constitutes an unlawful exaction, *id.* ¶¶ 23–24, 26, (ii) violates the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, *id.* ¶¶ 23, 28–31, (iii) violates provisions of the Social Security Act (SSA) and related federal law, *id.* ¶¶ 35–40, (iv) violates the Americans with Disabilities Act (ADA), *id.* ¶ 45, and

(v) violates Federal Rule of Civil Procedure 5.1, *id.* ¶ 23.  Plaintiff seeks injunctive relief enjoining the Defendants from further garnishing his wages, declaratory relief that the garnishment constituted violations of the alleged constitutional and statutory provisions, compensatory damages,[1] equitable relief and restitution, attorneys' fees and costs, and further relief as the Court deems just and proper.  *Id.* at 17–18.

## PROCEDURAL BACKGROUND

On October 1, 2025, Defendant filed a Motion to Stay this action due to a lapse of appropriations; the Court granted the Motion the following day.  ECF No. 16; ECF No. 18; *see* ECF Nos. 8, 9 (extending pre-stay response deadline to October 11).  Nine days later, Plaintiff filed[2] a "Motion for Emergency Injunction to Halt Defendant's Unconstitutional Actions" (ECF No. 21), which the Court denied that same day.  *See* ECF No. 22 (Order).  On October 31, 2025, Plaintiff filed an "Objection and MOTION to set Aside Order Denying Motion for Injunction" (ECF No. 24) (Motion), which, as further explained below, this Court denies.

## APPLICABLE LEGAL STANDARDS

"The Court of Federal Claims is a court of limited jurisdiction."  *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014).  Generally, the Tucker Act defines this Court's jurisdiction.  *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)).  The Tucker Act vests this Court with jurisdiction over any suit against the

---

[1] In his Complaint, Plaintiff indicates that he seeks compensatory damages "in an amount to be proven at trial for all wages, benefits, and other income or property unlawfully withheld, garnished, or taken . . . ."  Compl. at 18.  However, on his Civil Cover Sheet, Plaintiff indicates that he claims $46,410.  ECF No. 1-1 at 1.

[2] The Clerk of Court marked ECF No. 21 as deficient and on October 10, 2025, the Court granted leave to file the submission despite the deficiencies.  *See* Docket Entry dated September 24, 2025 (deficiency notice); ECF No. 20 (granting leave to file).

2

United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  The Tucker Act does not create any "substantive rights" against the United States.  *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)).  Instead, "a plaintiff must identify a separate source of substantive law that creates the right to money damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

This Court must dismiss claims outside its subject matter jurisdiction and "must address jurisdictional issues, even *sua sponte*, . . . whether raised by a party or not."  *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see* Rule 12(h)(3) ("If the [Court of Federal Claims] determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *Radogna v. United States*, No. 2022-1811, 2022 WL 4955322, at *1 (Fed. Cir. Oct. 4, 2022) ("The rules of the Court of Federal Claims require the court to dismiss an action if 'the court determines at any time that it lacks subject-matter jurisdiction.'") (quoting Rule 12(h)(3)); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim.").  When considering whether this Court has jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff."  *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

The Court liberally construes complaints filed by *pro se* litigants because *pro se* filings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 79, 106 (1976)).  However, *pro se* plaintiffs must still prove by a preponderance of the

3

evidence that this Court has subject matter jurisdiction. *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements.") (italics added).

## **DISCUSSION**

This Court cannot exercise jurisdiction over Plaintiff's claims because (i) they are lodged against defendants other than the United States, and (ii) they are not money-mandating. Accordingly, the Court must dismiss Plaintiff's Complaint for lack of jurisdiction, pursuant to Rule 12(h)(3).

The Court of Appeals for the Federal Circuit has plainly stated that "[t]he United States is the only proper defendant in the Claims Court." *Lofton v. United States*, No. 2024-1959, 2025 WL 350360, at *1 (Fed. Cir. Jan. 31, 2025) (citing 28 U.S.C. § 1491(a)(1)); *see Rodriguez v. United States*, No. 2025-1750, 2025 WL 3088623, *1 (Fed. Cir. Nov. 5, 2025); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [C]ourt."); 28 U.S.C. § 1491(a). Furthermore, as the Supreme Court has observed, jurisdiction of this Court is limited to claims "brought against the Government alone." *Sherwood*, 312 U.S. at 589. The wage garnishment at issue here was directly "commenced" by Plaintiff's non-federal-government employer, J.E. Dunn, based on a "purported directive from" a state agency, the Arizona DES/DCSS. Compl. ¶ 17. Plaintiff also lists J.E. Dunn and the Arizona DES/DCSS as Defendants in his Complaint. *Id.* at 1. It is well-established that claims against private entities and state agencies are beyond this Court's jurisdiction. *See Chisum v. United States*, No. 2025-1562, 2025 WL 2836408, at *2 (Fed. Cir. Oct. 7, 2025) ("[B]ecause the Court of Federal Claims lacks

4

jurisdiction over claims for relief 'against others than the United States,' it does not have jurisdiction over [Plaintiff's] claims against the state or private actors." (citing *Sherwood*, 312 U.S. at 588) (cleaned up)); *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) (citing *Sherwood*, 312 U.S. at 588); *Flores v. United States*, 165 Fed. Cl. 228, 232 (2023) (citing *Sherwood*, 312 U.S. at 588) ("[The Court of Federal Claims'] jurisdiction does not extend to cases against private parties or government employees in their individual capacities."), *appeal dismissed*, No. 2023-1879, 2023 WL 4924809 (Fed. Cir. Aug. 2, 2023). Thus, Plaintiff's claims brought against these non-federal government entities are beyond this Court's jurisdiction and must be dismissed pursuant to Rule 12(h)(3).

Although Plaintiff nominally lists the United States, HHS, and the Secretary as Defendants in his Complaint, the bald allegation that HHS was "acting through" Arizona DES/DCSS when it purportedly directed J.E. Dunn to garnish his wages is insufficient to bring his claims within the Court's jurisdiction. Compl. ¶ 43. To establish subject matter jurisdiction by claiming wrongdoing on the part of the United States, a plaintiff must do more than simply "list[] the United States as the defendant." *Beauvais v. United States*, No. 2024-1353, 2024 WL 2860170, at *1 (Fed. Cir. June 6, 2024); *see Parenteau v. United States*, No. 2024-2140, 2025 WL 1303664, at *2 (Fed. Cir. May 6, 2025) ("To meet this [jurisdictional] requirement, there must be 'substantive allegations' against the United States."); *see also Doiban v. United States*, 173 Fed. Cl. 527, 536 (2024) ("A 'plaintiff cannot establish jurisdiction in this Court by merely naming the United States as a defendant where the true nature of her allegations are lodged against a private party.'" (cleaned up)) (citing *Richardson v. United States*, No. 23-1744, 2024 WL 1193418, at *3 (Fed. Cl. Mar. 20, 2024)). Instead, the Court must examine the true nature of an action to determine whether a claim is actually brought against the United States so as to fall under this Court's jurisdiction. *Starrett*

5

*v. United States*, No. 21-1168, 2021 WL 7627745, at *3 (Fed. Cl. Sept. 10, 2021) ("In considering jurisdiction, this Court must look at 'the true nature of an action.'" (citing *Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992))), *aff'd*, No. 2022-1555, 2023 WL 152827 (Fed. Cir. Jan. 11, 2023); *see Livingston v. United States*, 167 Fed. Cl. 604, 618–19 (2023) ("[T]he mere recitation of a basis for jurisdiction by either party or a court, is not controlling; [the Court] must look to the true nature of the action.'" (quoting *Derwinski*, 959 F.2d at 225)).

    The Complaint does not include any plausible allegation against the United States. Plaintiff simply lists HHS and the Secretary as Defendants but does not describe conduct by either party that would indicate its involvement in the wage garnishment at issue. Compl. ¶ 22. Plaintiff's allegation that HHS was "acting through" the Arizona DES/DCSS is a conclusory statement and is implausible without specific facts pleaded that, if proven, would demonstrate the involvement of HHS. *See* Compl. ¶ 24; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Indeed, Plaintiff's own assertion that he has never "received or been shown any signed certification by [the Secretary] . . . authorizing DES/DCSS to pursue the wage garnishment in question" undercuts his very contention that HHS is implicated at all. Compl. ¶ 22; *see also Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021) (Where facts pled "are actually *inconsistent* with and contradict [the claim], they are likewise insufficient to state a plausible claim."). As Plaintiff's allegations fail to state a claim against anyone but a state agency and a private entity, this Court accordingly lacks subject matter jurisdiction over Plaintiff's Complaint.

Even if Plaintiff's claims were properly brought against the United States as a defendant, the Court would still lack jurisdiction over Plaintiff's constitutional and statutory claims. Plaintiff first argues that the wage garnishment constitutes an unlawful exaction over which this Court has Tucker Act jurisdiction. Compl. ¶ 26. In order "to establish Tucker Act jurisdiction for an illegal exaction claim, a party that has paid money over to the government and seeks its return must make a non-frivolous allegation that the government, in obtaining the money, has violated the Constitution, a statute, or a regulation." *Boeing Co. v. United States*, 968 F.3d 1371, 1383 (Fed. Cir. 2020). However, as discussed above, Plaintiff has not alleged that the federal government obtained his wages by violation of statute or regulation. *See* Compl. ¶ 17 (claiming that a state agency, Arizona DES/DCSS, directed the garnishment). As Plaintiff's Complaint does not plead that the federal government has obtained money from Plaintiff in any way, Plaintiff has clearly failed to establish an illegal exaction claim in any respect that would permit this Court to exercise jurisdiction. *See Boeing*, 968 F.3d at 1383.

Next, Plaintiff claims the wage garnishment violates the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Compl. ¶¶ 23, 28–31. While this Court may exercise jurisdiction over certain constitutional claims, it may only do so when those claims are money-mandating. *Chisum v. United States*, No. 2025-1562, 2025 WL 2836408, at *2 (Fed. Cir. Oct. 7, 2025) ("[T]he Court of Federal Claims' limited jurisdiction does not include . . . non-money-mandating constitutional provisions."); *see Fisher*, 402 F.3d at 1173 (requiring this Court to determine whether a constitutional provision is money-mandating to assert jurisdiction). Under this standard, Plaintiff's contention that this wage garnishment "constitutes an unreasonable seizure of [his] property" in violation of the Fourth Amendment fails to establish jurisdiction in this Court. Compl. ¶ 29; *see also* U.S. Const. amend. IV. Indeed, it is well-settled that this Court

7

lacks jurisdiction over Fourth Amendment claims, which are not money-mandating in nature. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction."); *see also El v. United States*, No 2025-1474, 2025 WL 2847290, at *2 (Fed. Cir. Oct. 8, 2025) ("The Claims Court has no jurisdiction over Fourth, Eighth, and Fourteenth Amendment claims."). Plaintiff adds a Fourteenth Amendment Due Process claim as well. Compl. ¶ 31. However, "[t]he law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013); *see Doiban*, 173 Fed. Cl. at 542 ("[I]t is well settled that the Due Process Clauses of the Fifth and Fourteenth Amendments are not money-mandating in nature.").

Plaintiff also claims this wage garnishment "[r]esulted in a taking of private wages without compensation, justification, or statutory basis" in violation of the Fifth Amendment. Compl. ¶ 30; *see also* US Const. amend. V. This Court has jurisdiction to hear certain Fifth Amendment takings claims. *Casitas Mun. Water Dist. v. United States*, 708 F.3d 1340, 1359 (Fed. Cir. 2013). A plaintiff must state a sufficient takings claim by (i) "identif[ying] a cognizable Fifth Amendment property interest," and (ii) showing that "the government's action amounted to a compensable taking of that interest." *Id.* at 1348. Plaintiff cannot show that the government's actions amounted to such a taking because his claims do not involve the actions of the federal government in any respect. *See* Compl. ¶ 17 (alleging that the Arizona DES/DCSS, not the federal HHS, caused the garnishment).[3] Accordingly, Plaintiff's Fifth Amendment claim must be dismissed as well.

---

[3] That Plaintiff simply names HHS as a defendant cannot salvage jurisdiction in this case. As discussed, *supra*, it is well-established that the Court has a responsibility to look at the true nature

Next, Plaintiff raises two statutory claims, neither of which invoke this Court's jurisdiction. First, Plaintiff claims the garnishment of his wages violates various provisions of the Social Security Act and its "statutory framework for federal enforcement of child support obligations." Compl. ¶ 35; *see also* 42 U.S.C. § 651 *et seq.* However, this Court lacks jurisdiction over claims arising from the Social Security Act, as that jurisdiction lies exclusively with the district courts. *See Parra v. United States*, 2025 WL 1427812, at *1 (Fed. Cir. May 19, 2025) ("We have long recognized that the Social Security Act's comprehensive remedial scheme for SSA benefits claims displaces the Court of Federal Claims's jurisdiction under the Tucker Act in a case like this.") (citing *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990)).

Second, Plaintiff claims the garnishment of his wages violates Title II of the Americans with Disabilities Act. Compl. ¶ 45; *see also* 42 U.S.C. § 12131 *et seq.* Nevertheless, this Court also lacks jurisdiction over claims arising from the ADA, as it is not a money-mandating source of law. *See Guskin v. United States*, 771 F. App'x 476, 478 (Fed. Cir. 2019) (quoting *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) ("'[T]he ADA is not a money-mandating source of law' under the Tucker Act."); *Holland v. United States*, 149 Fed. Cl. 543, 555 (2020), *aff'd*, No. 2021-1027, 2021 WL 3891106 (Fed. Cir. Sept. 1, 2021). Accordingly, this Court also lacks jurisdiction over Plaintiff's statutory claims, and they must be dismissed pursuant to Rule 12(h)(3).

Finally, Plaintiff claims that the garnishment violates Federal Rule of Civil Procedure 5.1. Compl. ¶ 23. The Court lacks jurisdiction over claims based on the Federal Rules of Civil Procedure, which are not money-mandating. *Frazier v. United States*, 157 Fed. Cl. 184, 188 (2021)

---

of Plaintiff's claim, not merely his characterization of a claim. *Livingston v. United States*, 167 Fed. Cl. 604, 618–19 (2023) (collecting cases).

(dismissing claim under Federal Rule of Civil Procedure 5.1); *Bobka v. United States*, 133 Fed. Cl. 405, 412 (2017) ("The court . . . lacks jurisdiction over claims based upon the Federal Rules of Civil Procedure, as they are not money-mandating."); *Rodriguez*, 2025 WL 3088623, at *2 ("The Federal Rules of Civil Procedure . . . do not mandate compensation by the Federal Government."). Specifically, Federal Rule of Civil Procedure 5.1 describes the procedure by which a party may challenge the constitutionality of a federal or state statute in federal district court but does not contain money-mandating language or otherwise require the federal government to pay money. *See* Fed. R. Civ. P. 5.1. As such, the Court also lacks jurisdiction over Plaintiff's claim based on Federal Rule of Civil Procedure 5.1.

In addition to requesting equitable, declaratory, and compensatory relief based on claims over which this Court lacks jurisdiction, Plaintiff has asked this Court to set aside its previous order denying his motion for an emergency injunction. *See* ECF No. 24 (Objection and Motion to Set Aside Order Denying Motion for Injunction (Motion)); ECF No. 22 (Order Denying Motion for Injunction). As Plaintiff's Complaint lacks jurisdiction, the Motion is **DENIED AS MOOT**. Additionally, as the Court explained in its Order, it "cannot, as a jurisdictional matter, offer Plaintiff the relief he seeks in his filings." Order at 3. Plaintiff's Motion, even construed liberally does not contain any information or facts that would change the result and permit this Court to exercise jurisdiction here. *See id.*; Plaintiff's Motion. Accordingly, the Court denies Plaintiff's Objection and Motion to set aside the denial of an Emergency Injunction.

## **CONCLUSION**

As this Court lacks jurisdiction over Plaintiff's claims, the Court **DISMISSES** Plaintiff's Complaint (ECF No. 1) pursuant to Rule 12(h)(3).  Additionally, the Court **DENIES AS MOOT** Plaintiff's Motion to Set Aside Order Denying Motion for Injunction (ECF No. 24). The Clerk of Court is **DIRECTED** to enter Judgment accordingly and mark this case as closed.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge